CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 25 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL A. WEBB, ) | |
|    Plaintiff, ) | Civil Action No. 7:06CV00232 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| C/O ANDERSON, ) | By Hon. Glen E. Conrad |
|    Defendant. ) | United States District Judge |

The plaintiff, Michael A. Webb, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Correctional Officer Anderson. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).\*

## Background

The plaintiff is incarcerated at Red Onion State Prison. On July 8, 2005, Anderson and another correctional officer were responsible for escorting the plaintiff to a medical appointment. The other officer handcuffed the plaintiff, while Anderson placed the plaintiff in leg restraints. The plaintiff alleges that when he exited his cell, Anderson placed his foot against the plaintiff's heel in an attempt to trip the plaintiff. This caused the plaintiff to lose his balance. The plaintiff alleges that he had to lean against a wall to keep from falling. Although the plaintiff acknowledges that he did not suffer any physical injuries as a result of Anderson's actions, and that "no further vulgar displays of power" occurred, the plaintiff alleges that the incident caused him to suffer anxiety and depression-like symptoms.

---

\*This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this case, the plaintiff alleges that Correctional Officer Anderson violated his Eighth Amendment rights by using excessive force against him. To establish an excessive force claim under the Eighth Amendment, an inmate must satisfy two elements: (1) that the correctional officer acted with a sufficiently culpable state of mind, and (2) that the harm inflicted on the inmate was sufficiently serious. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). With respect to the second element, an inmate "need not show that the force used caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). However, absent the most extraordinary circumstances, an inmate must allege more than de minimis pain or injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

Applying these principles to the plaintiff's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. The plaintiff acknowledges that he did not suffer any physical injuries as a result of being tripped by Anderson. Instead, the plaintiff emphasizes that Anderson's actions caused him to suffer anxiety and depression-like symptoms. In rare circumstances, the infliction of psychological harm, without corresponding physical injury, may contravene the Eighth Amendment. See Hudson, 503 U.S. at 16-17 (Blackmun, J., concurring) (citing, as an example, a case in which a guard placed a revolver in an inmate's mouth and threatened to pull the trigger). This case, however, does not present such a scenario.

2

Anderson's attempt to trip the plaintiff, while childish and unprofessional, was not the type of malevolent act that triggers a claim under the Eighth Amendment. See Id. at 9.

## Conclusion

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant, if known.

ENTER: This 25th day of April, 2006.

_____
United States District Judge